IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROCHELLE QUILLING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-475-SMY-DGW |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rochelle Quilling filed this lawsuit asserting fraudulent foreclosure claims against Defendants Deutsche Bank National Trust Company, Jerry and Michelle Reed, Sharon Cross, Jon Battani, Kathy Mordini, Steven Lindberg, Charles Woodworth, Andrew Toennies, Joseph Reames, John Flood, and Carolyn Grosboll (Doc. 2). Before the Court is Quilling's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 3). For the following reasons, the motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Quilling has sufficiently demonstrated her indigence in this case. She states in her motion and accompanying affidavit that her gross wages are $1,214 per month, and her monthly expenses are greater than her monthly wages. She has no other income and no savings. In addition, she supports her minor child. Based upon this information, Quilling is unable to pay the costs of commencing her lawsuit.

The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court is required to determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *Pro se* plaintiffs' allegations are given particular lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. S*ee e.g. Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding the plaintiff's Complaint was too

verbose and convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).

Quilling alleges she was unlawfully evicted from her home due to a fraudulent foreclosure and that she lost wages because she ran an in-home daycare from her home. She further alleges she was harassed, bribed, lied to, and lied on by the defendants. Because of her eviction, she received a lien against her from the Village of Swansea Sewer District and the lien still stands today. Quilling seeks injunctive relief.

Quilling cannot maintain her claims against the defendants in federal court. She is essentially claiming that the state court erred in allowing the foreclosure of her home. As such, her claim should have been brought in state court or on appeal from the state court's judgment. She cannot proceed in this Court because, under the principles of abstention and what is commonly referred to as the *Rooker-Feldman* doctrine, the law does not allow federal district courts to review the judgments of state courts. Under the *Rooker-Feldman* doctrine, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment— an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless." *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996). Therefore, this Court lacks jurisdiction to entertain Quilling's claims.

Quilling's Complaint also fails because she has not alleged a basis on which this Court could exercise jurisdiction, even if her case were not barred by the *Rooker-Feldman* doctrine. Federal courts are limited to hearing cases in which the plaintiff raises a federal question or where the defendants' citizenship is diverse from that of the plaintiff. See 28 U.S.C. §§ 1331, 1332. Here, Quilling has not asserted claims based on federal law nor has she alleged that each of the defendants is a citizen of a state other than Illinois. Thus, dismissal is appropriate.

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED** and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's pending Motion for Recruitment of Counsel (Doc. 4) and Motion for Service of Process at Government Expense (Doc. 5) are **DENIED as MOOT**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: April 30, 2018**

                                              **s/ Staci M. Yandle_____**
                                              **STACI M. YANDLE**
                                              **United States District Judge**